IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WENDELL MOORE,  :  No. 3:25-CV-1220
    Petitioner  :
    :  (Judge Munley)
v.  :
    :
WARDEN FRITH,  :
    Respondent  :

## MEMORANDUM

Petitioner Wendell Moore initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He contends that the Federal Bureau of Prisons (BOP) has unlawfully refused to apply his earned time credits under the First Step Act (FSA), Pub. L. 115-391, 132 Stat. 5194 (2018), based on certain implementing regulations. The court will deny Moore's Section 2241 petition.

**I.  BACKGROUND**

Moore is currently serving a 240-month sentence imposed by the United States District Court for the Eastern District of New York for controlled substance offenses. (See Doc. 10-2 ¶ 3; Doc. 10-3 at 3). His current projected release date, via good conduct time, is August 1, 2028. (See Doc. 10-2 ¶ 3; Doc. 10-3 at 3).

Moore filed the instant Section 2241 petition in this court in August 2025. (See generally Doc. 1). He claims that certain BOP regulations contradict the plain language of the FSA and should be declared unlawful and that he (and other similarly situated prisoners) should have their FSA credits applied and be transferred to prerelease custody or supervised release. (See id. at 4, 13, 14). Respondent timely responded to Moore's Section 2241 petition. (See generally Doc. 10). Moore did not file a traverse, and the time for doing so has passed. His Section 2241 petition, therefore, is ripe for disposition.

II. **DISCUSSION**

Moore contends that the BOP has promulgated regulations that "directly conflict" with the plain language of the FSA. (Doc. 1 at 4, 11-12). Specifically, he argues that discretionary language used in 28 C.F.R. § 523.44 conflicts with the FSA's mandatory language found in 18 U.S.C. § 3632(d)(4)(C). (Id.) Moore's regulatory argument is misplaced because the plain language of the FSA dictates that while he is able to earn FSA credits, he is presently ineligible for *application* of those credits.

If FSA time credits are properly earned by an eligible inmate, application of those credits to a prisoner's sentence is governed by 18 U.S.C. § 3624(g). See 18 U.S.C. § 3632(d)(4)(C) ("The Director of the Bureau of Prisons shall transfer eligible prisoners, *as determined under section 3624(g)*, into prerelease custody

2

or supervised release." (emphasis added)).  Among other requirements, to be eligible for application of earned time credits, a prisoner must (1) have earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"; (2) demonstrate through periodic risk assessments a "recidivism risk reduction" or maintain a "minimum or low recidivism risk" during the term of imprisonment; (3) have had the remainder of his term of imprisonment computed; and (4) as pertains to prerelease custody, have been determined under "the System" to be a minimum or low risk to recidivate pursuant to the last two reassessments of the prisoner or have had a petition to be transferred to prerelease custody approved by the warden of the prison; or, as to placement in supervised release, "been determined under the System to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner." See 18 U.S.C. § 3624(g)(1).

It is undisputed that Moore is currently a "medium" recidivism risk inmate. (See Doc. 1 at 3; Doc. 10-2 ¶ 6; Doc. 10-4 at 2). Section 3624(g) requires, for placement in prerelease custody, that the prisoner "has been determined under the System to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of the prisoner" or has individualized approval by the warden. See 18 U.S.C. § 3624(g)(1)(D)(i). For early transfer to supervised release, Section 3624(g) requires that the inmate "has been determined under the System

3

to be a minimum or low risk to recidivate pursuant to the last reassessment of the prisoner," id. § 3624(g)(1)(D)(ii), or has individualized approval by the warden, id. § 3624(g)(1)(D)(i)(II). Under either scenario, application of time credits—that is, creating and implementing an earlier prerelease custody or release date based on credits earned—cannot occur until the prisoner has been determined to be a minimum or low recidivism risk. See Montgomery v. Barraza, No. 4:23-CV-00437, 2023 WL 4827083, at *2-3 (M.D. Pa. July 27, 2023) (Brann, C.J.); Bell v. Finley, No. 1:21-cv-925, 2022 WL 1721045, at *4 (M.D. Pa. May 27, 2022) (citing 18 U.S.C. § 3624(g)(1)(D)(i); 28 C.F.R. § 523.42(c)(2)(i)-(ii)); Hernandez v. Warden FPC-Lewisburg, No. 1:21-cv-0599, 2022 WL 452408, at *3 (M.D. Pa. Feb. 14, 2022); Moody v. Gubbiotti, Civ. No. 21-12004 (RMB), 2022 WL 4976308, at *6 (D.N.J. Oct. 3, 2022) (citing 18 U.S.C. § 3624(g)).

Moore is currently a "medium" recidivism risk. Congress has determined that he will not be eligible for application of FSA time credits until, among other preconditions, that risk level is reduced to minimum or low.[1] Moore's argument that 28 C.F.R. § 523.44 conflicts with the FSA is a red herring, as the plain language of the FSA—not its implementing regulations—dictates that Moore is

---

[1] Or the warden of Moore's facility of incarceration has approved Moore's individualized petition for transfer to prerelease custody or supervised release despite his elevated recidivism-risk level. See 18 U.S.C. § 3624(g)(1)(D)(i)(II). Moore has not alleged or established that he has petitioned the warden for such review or that he has received the warden's approval. (See Doc. 10-2 ¶ 7).

4

currently ineligible for application of FSA credits. Accordingly, his Section 2241 petition is meritless.

### III. CONCLUSION

Based on the foregoing, the court will deny Moore's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The court will likewise deny Moore's undeveloped request for class certification, (see Doc. 1 at 4, 13-14), as his underlying habeas claim is meritless and he has failed to proffer any argument or discussion concerning the prerequisites for class certification. An appropriate Order follows.

Date: 11/3/25

BY THE COURT:

JUDGE JULIA K. MUNLEY
United States District Court